# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50067 | **DATE** | 9/27/2011 |
| **CASE TITLE** | The United States of America, et al. vs. Alacran Contracting, LLC, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion to strike additional defenses is granted without prejudice as to 1) Alacran's additional defenses of estoppel, laches, and waiver set forth as its seventh additional defense to Count I, second additional defense to Count II and second additional defense to Count III, 2) Liberty's additional defenses of estoppel, laches, and waiver set forth as its sixth additional defense to Count I, and second additional defense to Count II, and 3) Liberty's redundant fifth and sixth additional defenses to Count II. Plaintiff's motion to strike is denied as to all other additional defenses of Alacron and Liberty.

*/s/ Philip G. Reinhard*

■[ For further details see text below.]    Electronic Notices.

## STATEMENT - OPINION

Plaintiff, United States of America, for the use of Sunlee Development, L.L.C. ("Sunlee") and Alliance Mechanical, Inc. ("Alliance") brings this action against defendants, Alacran Contracting LLC ("Alacran"), as assignee of Weatherproofing Technologies, Inc. ("WTI") and Liberty Mutual Insurance Company ("Liberty"). The action is brought under the Miller Act, 40 U.S.C. §§ 3131-3134, and arising from a government construction contract on which Alacran is the prime contractor, Liberty is the surety, and WTI, Sunlee, and Alliance are subcontractors. Plaintiff moves to strike [40] [41] certain additional defenses raised by Alacran and Liberty.[1]

The additional defenses of both Alacron and Liberty at issue are failure to state a claim upon which relief can be granted, statute of limitations, and statute of frauds and parol evidence rule. As to Alacran only, the defenses of failure of consideration and possessing the rights of its assignor, WTI are also challenged.

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12 (b). "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including [eighteen specified defenses]." Fed. R. Civ. P. 8 (c). While the rule lists eighteen specific defenses that must be pled as affirmative defenses, the list is not exhaustive. Any affirmative defense must be pled. This "creates the sometimes difficult problem of determining what unspecified matters are also 'affirmative defenses' that must be pleaded separately in an answer." Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736 (N.D. Ill. 1982) (Shadur, J.) "[T]he cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." Id. "If a defendant makes the mistake of pleading matter as an affirmative defense that could have been raised by a denial, there is no reason to penalize him either by granting a motion to strike, which will not promote the disposition of the case on the merits, or by shifting the burden of proof from the plaintiff to the

defendant." 5 Wright and Miller, Federal Practice and Procedure Civil 3d § 1278 at 689. "[T]he defendant should be encouraged to plead a defense affirmatively if there is any doubt as to his ability to put the matter in issue under a denial." Id.

Motions to strike affirmative defenses are generally disfavored because they often serve only to delay. See Heller Fin. Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). "Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record." Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) (Duff, J.)

While failure to state a claim is not technically an affirmative defense, see Leon v. Jacobson Transp. Co., Inc., No. 10 C 4939, 2010 WL 4810600, *2 (N.D. Ill. Nov. 19, 2010) (Marovich, J.), Form 30 to the Federal Rules of Civil Procedure says it can be pled in an answer by simply stating "[t]he complaint fails to state a claim upon which relief can be granted." The defense has been properly raised, and even if it had not been, striking it would serve no purpose. "[T]he sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record." Van Schouwen, 782 F. Supp. at 1245.

Fed. R. Civ. P. 8 (c) expressly requires that failure of consideration, statute of frauds and statute of limitations be raised as affirmative defenses. Defendants have raised these defenses. Requiring defendants to re-plead these defenses with greater specificity will not speed this case toward resolution. Defendants provide plaintiffs with enough information about its defenses for plaintiffs to proceed with discovery and the prosecution of their claims. See Leon, 2010 WL 4810600 at *1. The testing of these defenses will have to occur later "with the benefit of a fuller record." See Van Schouwen, 782 F. Supp. at 1245.

Plaintiff also seeks to strike Alacran's assertion that it possesses the defenses of its assignor, WTI. This is not a defense at all. Whether it is true or not will be decided later if Alacran raises such defenses. Striking this statement would be pointless.

For the foregoing reasons, plaintiff's motion to strike additional defenses is granted without prejudice as to 1) Alacran's additional defenses of estoppel, laches, and waiver set forth as its seventh additional defense to Count I, second additional defense to Count II and second additional defense to Count III, 2) Liberty's additional defenses of estoppel, laches, and waiver set forth as its sixth additional defense to Count I, and second additional defense to Count II, and 3) Liberty's redundant fifth and sixth additional defenses to Count II. Plaintiff's motion to strike is denied as to all other additional defenses of Alacron and Liberty.

1. Alacran does not oppose striking its additional defenses of estoppel, laches, and waiver set forth as its seventh additional defense to Count I, second additional defense to Count II and second additional defense to Count III. These are stricken without prejudice. Liberty does not oppose striking its additional defenses of estoppel, laches, and waiver set forth as its sixth additional defense to Count I, and second additional defense to Count II. Liberty agrees to strike its fifth and sixth additional defenses to Count II as redundant. These are stricken without prejudice.