IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| The United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 10 C 50067 |
| vs. | ) ) | |
| Alacran Contracting, LLC, et al., | ) ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

**ORDER**

For the reasons stated below, Alacran's motion [158] to reconsider is denied.

**STATEMENT-OPINION**

Defendant, Alacran Contracting, LLC, moves [158] for reconsideration of the court's October 5, 2015 order [156] denying Alacran's motion [148] to set aside the order of default [123] entered against it on April 7, 2015. Alacran was defaulted pursuant to Fed. R. Civ. P. 55(a) for failure to otherwise defend, Fed. R. Civ. P. 37(c) for failure to comply with plaintiff's discovery requests, as well as pursuant to the court's inherent authority to sanction litigants who abuse the judicial process. Alacran subsequently moved to set aside the default offering its inability to afford to pay an attorney to represent it as its "good cause" for the default, the court denied this motion, and Alacran now asks the court to reconsider.

Alacran is a limited liability company (LLC). Neither a limited liability company nor a corporation may appear pro se in federal court. The inability of an LLC to continue paying its attorney is generally a ground to enter a default against the LLC. "An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis." United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) ("Hagerman I"). "There are many small corporations and corporation substitutes such as limited liability companies. But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary and the burden is not to be borne when the litigant has chosen to do business in entity form." Id., at 581-82 (citations omitted.) "[I]t bears emphasis that at any point in a federal litigation at which a party that is not entitled to proceed pro se finds itself without a lawyer though given a reasonable

1

opportunity to obtain one, the court is empowered to bar the party from further participation in the litigation." United States v. Hagerman, 549 F.3d 536, 538 (7th Cir. 2008) ("Hagerman II"). A corporation or LLC is not "entitled to grant itself a continuance by firing or failing to pay its lawyers." JMB Manufacturing, Inc. v. Child Craft, LLC, 799 F.3d 780, 792 (7th Cir. 2015); see also, Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985) ("But Euroquilt had had counsel before, and its decision to put its lawyers' bills at the bottom of the stack caused the problem of which it now complains. A corporation may not grant itself a continuance by manipulating things so that it has no counsel.")

Therefore, normally, a corporation or an LLC, not being able to find or pay a lawyer to represent it in ongoing litigation is a reason for the entry of default against it rather than a reason not to enter a default or "good cause" to set one aside. Alacran had been represented by counsel over the entire course of this litigation, a period of nearly five years, until counsel's motion to withdraw was granted on February 17, 2015. According to Bui's affidavit submitted with Alacran's motion to set aside, Alacran owed its counsel more than $34,000 for representing it in this litigation and nearly $80,000 overall at that time. A corporation or an LLC has to have a lawyer in federal court. If its lawyer withdraws, for not getting paid or otherwise, it has to get another one in a reasonable time. Hagerman II, at 538. Alacran did not do so and this, along with its failure to comply with discovery requests, resulted in the entry of default.

After being unrepresented for more than five months after its counsel's withdrawal on February 17, 2015 and more than three months after the court's entry of default on April 7, 2015, new counsel entered their appearances for Alacran and moved to set aside the default. The motion to set aside relied on Allen Russell Publ'g, Inc. v. Levy, 109 F.R.D. 315 (N.D. Ill. 1985). The court found Allen distinguishable and observed "it is apparent Alacran's default resulted from its decision to ignore the ongoing court proceedings, beginning with the hearing on its counsel's motion to withdraw."

Alacran asks the court to reconsider the denial of the motion to set aside the default arguing that the denial of the motion to set aside the default was "based upon what is essentially a misunderstanding between Dai Bui and the Court." The misunderstanding asserted is that Bui, knowing that a corporation[1] could not appear pro se but must be represented by counsel, believed Alacran was precluded from appearing at or participating in court status hearings, advising the court of Alacran's difficulties in obtaining new counsel, or asking the court for more time to find new counsel.

Alacran was served with its counsel's motion to withdraw and with a notice notifying it of the date and time the motion would be presented. The notice advised Alacran that "you may appear, if you so desire." Bui, in his supplemental declaration filed in support of Alacran's

---

[1] Alacran is actually a limited liability company (LLC) not a corporation but, as noted above, neither can litigate pro se in federal court. United States v. Hagerman, 545 F.3d 579, 582 (7th Cir. 2008).

motion to reconsider, states that he cannot specifically recall if he read the notice of the date and time the motion to withdraw would be presented but that he interprets the language of the notice "as informing me that it truly was up to me whether or not I appeared" and that he does "not interpret said quoted phrase as an unequivocal command or expectation by the Court that I must appear at said hearing with or without new counsel appearing on behalf of Alacran, or to otherwise inform the court that I was still unable to retain new counsel for Alacran."

Bui is correct that he was not required to attend the hearing at which Alacran's counsel's motion to withdraw was presented. He was free to read or not read the notice advising of that hearing and free to appear or not appear as he desired. He could have appeared and objected on behalf of Alacran to counsel's withdrawal motion or asked for more time to find new counsel and the court could have entered an order that took Alacran's input into consideration. But, he was certainly free not to do that.

The default under Rule 55(a) was entered for Alacran's failure to otherwise defend. In entering the default the court accepted the report and recommendation of Magistrate Judge Johnston which recommended the entry of default "[i]n light of the history of failing to comply with court rules and orders, as well as [Alacran's] failure to obtain counsel and appear at the February 26 and March 17, 2015, status hearings." More than three months after the entry of default, Alacran moved to set aside the default arguing the default was caused by its inability to afford new counsel after prior counsel's motion to withdraw was granted and that not being able to afford to pay a lawyer was "good cause" to set aside a default. But, an LLC's inability to retain a lawyer is cause for its default, not cause for relief from a default, so long as it had a reasonable opportunity to retain a lawyer. Hagerman II, at 538. Either because Bui chose not to read the notice of hearing or because he decided not to attend or have any other representative of Alacran attend the hearing on the motion to withdraw, no representative of Alacran attended and the court was given no reason to believe the time allowed Alacran to retain new counsel would not provide a reasonable opportunity to do so. The notice of hearing clearly advised Alacran it could appear and it did not do so. By not appearing, Alacran missed its best chance to ask the court to allow it to remain represented by its then counsel or to ask for more time to find a new lawyer.

Alacran emphasizes in its argument for reconsideration that Bui's misunderstanding of what he could or could not do on behalf of Alacran resulted in his not advising the court prior to the motion to set aside of Alacran's inability to retain new counsel. However, it is clear from the notice on the motion to withdraw that Alacran was advised it could appear if it so desired. Any misunderstanding on Bui's part as to this notice, which according to his declaration he may or may not have read, is unreasonable.

An LLC must be represented by counsel to litigate in federal court. When an LLC is represented by counsel, but counsel moves to withdraw, the hearing on the motion to withdraw is the time for the LLC to object to withdrawal or raise with the court the problems the withdrawal may cause it and to seek relief from the court. Once the withdrawal is granted, the LLC gets a

3

reasonable opportunity to obtain new counsel. Id.  If it does not do so, the likely consequence will be the court barring the LLC "from further participation in the litigation." Id.

    For the foregoing reasons, Alacran's motion [158] to reconsider is denied.


Date: 12/02/2015                                                    ENTER:

                                                                         */s/ Philip G. Reinhard*
                                                        United States District Court Judge

                                                                            Electronic Notices (LC)