IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| The United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 50067 |
| | ) | |
| vs. | ) | |
| | ) | |
| Alacran Contracting, LLC, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, plaintiff's motion [212] for reconsideration is denied.

**STATEMENT - OPINION**

Plaintiff, Sunlee Development, LLC, moves [212] for reconsideration of a portion of the court's order [211] denying plaintiff's motion for summary judgment and granting in part and denying in part Liberty Mutual Insurance Company's motion for summary judgment on plaintiff's action under the Miller Act. Plaintiff is not seeking a reversal of the denial of its motion but rather asks the court, going forward, to assign to the defendant the burden of persuasion on the issue of the timeliness of plaintiff bringing this action.

The Miller Act states that an action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). The parties had not addressed in their summary judgment briefs who bore the burden of persuasion on this issue and the court, in conducting its summary judgment analysis, placed the burden on plaintiff based on the court's understanding that bringing suit "within the prescribed time is a condition precedent to the right to maintain the action." U.S. for Use and Benefit of PRN Associates, Inc. v. K & S Enterprises, Inc., No. 1:04-cv-0470-DFH-JMS, 2007 WL 925267, *4 (S.D. Ind. March 27, 2007) (Hamilton, J.), quoting, U.S. for Use and Benefit of Material Service Division of General Dynamics Corp. v. Home Indemnity Co., 489 F.2d 1004, 1005 (7th Cir. 1973). The court concluded there was a genuine issue of material fact as to the date labor was last supplied by plaintiff and, thus, denied both parties summary judgment on the timeliness issue. This genuine issue of material fact exists regardless which party bears the burden of persuasion on it so the summary judgment denials stand whether the burden is the defendant's or the plaintiff's. The issue, however, is relevant to future proceedings in this case.

Plaintiff argues the burden of persuasion is on defendant because the statute of limitations is an affirmative defense on which the defendant bears the burden of persuasion. Plaintiff contends Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011) and its progeny have undercut the PRN opinion. Defendant claims that PRN was based on two court of appeals cases that have been repudiated under Henderson, that Supreme Court and Seventh Circuit decisions issued after PRN are clear that limitations periods are to be considered affirmative defenses unless there is clear indication otherwise in the statute, and that nothing in the language of the Miller Act would turn its "run of the mill" statute of limitations into a jurisdictional statute. Therefore, according to plaintiff, timeliness under the Miller Act is not a condition precedent but instead an affirmative defense.

The short answer to plaintiff's argument is that U.S. for Use and Benefit of Material Service Division of General Dynamics Corp. v. Home Indemnity Co., 489 F.2d 1004, 1005 (7th Cir. 1973) (upon which PRN relied) says otherwise and it is controlling precedent for the court. "The statute is remedial and to be liberally construed, but the giving of notice and bringing of suit within the prescribed time is a condition precedent to the right to maintain the action." Id. General Dynamics has not been overruled. When PRN was decided, Judge Hamilton stated "[c]ontrolling Seventh Circuit precedent treats the one-year time limit under the Miller Act as a condition precedent to suit, so that the burden is on the plaintiff to plead and prove compliance with the time limit." PRN, 2007 WL 925267 at *4. The "controlling Seventh Circuit precedent" cited in PRN was General Dynamics. It remains controlling today.

Plaintiff raises a number of arguments about the continuing vitality of cases cited in PRN but only the vitality of General Dynamics is relevant. "The doctrine of stare decisis binds this court to follow the decisions of the Supreme Court and of the Seventh Circuit unless events subsequent to the last decision by the higher court make it almost certain that these courts would overrule themselves if given the opportunity." U.S. v. Collins, 140 F. Supp. 3d 786, 790 (N.D. Ind. 2015) (internal quotation marks and citations omitted). Since General Dynamics has not been overruled the court must follow it unless it is "almost certain" the Seventh Circuit would overrule it if given the opportunity to do so based on events subsequent to its entry.

Plaintiff argues, based on Sebelius v. Auburn Regional Medical Center, ___ U.S. ___, 133 S.Ct. 817 (2013), Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011), Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), Miller v. FDIC, 738 F.3d 836 (7th Cir. 2013) and McReynolds v. Merrill, Lynch, Pierce, Fenner, & Smith, Inc., 672 F.3d 482 (7th Cir. 2012), that, absent a clear Congressional statement, statutory time prescriptions are not jurisdictional. That is to say, the failure to meet the time prescription does not affect the court's ability to adjudicate the claim. However, there is no dispute here about the court's jurisdiction. If the evidence shows plaintiff did not timely file this action, the court does not lose jurisdiction over the case and dismiss it for lack of jurisdiction. Cases dealing with the question of jurisdiction are not relevant to this case.

Plaintiff also cites several cases, notably U.S. ex rel.Air Control Technologies, Inc. v. Pre Con Industries, Inc., 720 F.3d 1174 (9th Cir. 2013) which, in discussing whether the Miller Act's

2

time limit is jurisdictional or non-jurisdictional, refer to the limit being a "run-of-the mill statute of limitations". The following quote from Air Control is illustrative: "A proper analysis of the Miller Act's statute of limitations makes clear that it is a claim-processing rule, not a jurisdictional requirement. As a statute of limitations, § 3133(b)(4) of the Miller Act is cloaked in a presumption of non jurisdictional status that may be stripped only if there is an exceptional reason for doing so, and the relevant factors all indicate there is nothing exceptional about § 3133(b)(4). It is, instead, a run-of-the mill statute of limitations. For one, § 3133(b)(4) does not speak in jurisdictional terms. Neither the word 'courts' nor 'jurisdiction' appears in the section, which implies that § 3133(b)(4) is a restriction on the rights of plaintiffs to bring suit, rather than a limitation on the power of the federal courts to hear the suit." Id., at 1177 (internal citations and quotation marks omitted).

Plaintiff concludes from the use of the term "run-of-the mill statute of limitations" that these cases suggest defendant bears the burden of persuasion on the timeliness issue. This reads too much into the use of this language. What was being decided was not assignment of the burden of persuasion, but "that § 3133(b)(4) is a restriction on the rights of plaintiffs to bring suit, rather than a limitation on the power of the federal courts to hear the suit." Id.,

The court cannot say that it is "almost certain" the Seventh Circuit would overrule General Dynamics. Accordingly, the court is required to follow it.

For the foregoing reasons, plaintiff's motion [212] for reconsideration is denied.

Date: 11/22/2016                    ENTER:

_Philip G. Reinhard_
United States District Court Judge

Electronic Notices (LC)

3